# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| vs. | § | Case No. 4:05cr23(3) |
| | § | (Judge Schneider/Judge Bush) |
| ANDREW DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 4, 2007, to determine whether the Defendant violated his supervised release. The Defendant was represented by James Whalen. The Government was represented by Ernest Gonzalez.

On November 16, 2005, the Defendant was sentenced by the Honorable Michael H. Schneider, United States District Judge, to six (6) months custody followed by a two (2) year term of supervised release for the offense of Conspiracy to Pass Counterfeit Obligations. On March 17, 2006, the Defendant completed his period of imprisonment and began service of his supervised term.

On September 7, 2006, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision. The petition asserted that the Defendant violated the following conditions: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall cooperate in the collection of DNA

as directed by the probation officer; (3) Defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within fifteen (15) days of release from imprisonment and at least two (2) more thereafter; (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (5) Defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer; (6) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United States Probation Office, until such time as Defendant is released from the program by the officer; (7) Defendant shall pay a $100 special assessment due immediately; (8) Defendant shall pay restitution in the amount of $1,300. Restitution payments begin immediately and any amount that remains unpaid when supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, and to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to title 18 of United States Code, section 3644(k). Additionally, at least 50% of any receipts received from income tax returns, inheritances, non-recurring bonuses, and lawsuit awards must be paid toward the unpaid restitution balance within fifteen (15) days of receipt; and (9) Defendant is jointly and severally liable with Jerome Taylor and Paul Brown, Cause No. 4:05cr23, to pay restitution totaling $1,300 to the victim listed in the "Victim

Impact" section of the pre-sentence report.

The petition alleges that Defendant committed the following violations: (1) Defendant failed to report to the probation office on July 11, 2006, as instructed, for DNA collection; (2) Defendant submitted urine specimens that tested positive for cocaine on April 8, 10, 20, and 24, and May 18, 2006; (3) Defendant failed to participate in the offender orientation program as instructed on April 25, May 30, and June 27, 2006 and has not completed the program to date; (4) Defendant failed to participate in treatment at Sharp Focus Counseling Centers in Denton, Texas, as instructed; (5) Defendant failed to report for random drug testing on April 28, May 1, 4, 11, 16, 22, and 25, June 1, 9, 12, 23, 26, and 29, July 5, 9, 14, 18, and 24, August 1, 10, 18, 22, and 25, 2006; (6) Defendant failed to call the random drug testing line to determine if he was scheduled to report on May 29, July 8 and 20, August 6, 14, 24, 26, 27, and 28, 2006; (7) Defendant failed to make a payment toward his special assessment, and a $100 balance remains; and (8) Defendant has failed to make a payment toward his restitution, and a balance of $1,300 remains.

Prior to the Government putting on its case, the Defendant entered a plea of true to the alleged violations. At the hearing, the Court recommended that the Defendant's supervised release be revoked. The Court notes Defendant's restitution was paid in full at the time of the hearing.

### **RECOMMENDATION**

The Court recommends that the District Court revoke the Defendant's

supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months, with credit for time served, and no supervised release to follow.

Signed this 16th day of April, 2007.

                                              DON D. BUSH
                                              UNITED STATES MAGISTRATE JUDGE